**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | |
|---|---|
| RAUL ALVAREZ, INDIVIDUALLY, AND AS PROPOSED REPRESENTATIVE OF THE ESTATE OF ADAN ALVAREZ, SAMANTHA FUENTES AS NEXT FRIEND, Z.A., Z.A., AND Z.A., MINORS, AND ZADA ALVAREZ, *Plaintiff*, <br><br> v. <br><br> LUCID GROUP, INC., MAJ TRANSPORT, INC. AND LEONEL RECINOS, *Defendant.* | § § § § § § § § § § § § § § CIVIL ACTION NO. 4:25-CV-00038-DC-DF |

**DEFENDANT MAJ TRANSPORT, INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant MAJ Transport, Inc. ("**MAJ**") in the above styled and numbered cause, and files this, its First Amended Answer to Plaintiffs' Original Petition, in order to conform with the pleading requirements of the Federal Rules of Civil Procedure.

1. Paragraph 1[1]. This pleading appears to be moot as this is a pleading practice for the Texas state courts. Therefore, MAJ denies the allegations in Paragraph 1.

2. Paragraph 2. MAJ does not have personal knowledge of the parentage of Adan Alvarez, deceased, or of his residency at the time of his death. Therefore, MAJ cannot admit or deny the allegations in Paragraph 2.

---

[1] All paragraph references refer to Plaintiffs' Original Petition originally filed in Case No. P-8854-83-CV in the 83rd Judicial District, Pecos County, Texas. This pleading is filed of record in Document 5-3.

3. Paragraph 3. MAJ does not have personal knowledge of the biological offspring of Adan Alvarez, Decedent, or of the biological mother of any minor claimant. Therefore, MAJ cannot admit or deny the allegations in Paragraph 3.

4. Paragraph 4. MAJ does not have personal knowledge of the biological offspring of Adan Alvarez, Decedent. Therefore, MAJ cannot admit or deny the allegations in Paragraph 4.

5. Paragraph 5. On information and belief, Lucid Group, Inc., is a Delaware corporation with its principal place of business in Newark, California. Defendant does not know Lucid Group, Inc., does business in the State of Texas. Therefore, MAJ cannot admit or deny whether Lucid Group does business in the State of Texas. On information from the Comptroller of the State of Texas, Lucid Group, Inc., does not maintain a registered agent in the State of Texas for service of process. Therefore, the allegation that Lucid Group, Inc. does not maintain a registered in the State of Texas for service of process is admitted. MAJ admits Plaintiffs have correctly identified Long Arm service in the State of Texas but does not know whether Lucid Group, Inc., has sufficient contacts with the State of Texas for Long Arm jurisdiction. Therefore, MAJ cannot admit or deny whether Lucid Group, Inc., is subject to Long Arm jurisdiction and service of process.

6. Paragraph 6. MAJ admits the allegations in Paragraph 6.

7. Paragraph 7. MAJ admits the allegations in Paragraph 7.

8. Paragraph 8. MAJ denies the allegations that any has been misnamed, if such is being claimed. MAJ denies there is any basis in fact or law to pierce any corporate veil to hold any party personally liable.

9. Paragraph 9. This pleading appears to be moot as this is a pleading practice for Texas state courts. Therefore, MAJ denies the allegation.

10. Paragraph 11[2]. MAJ denies paragraph 11 as subject matter jurisdiction lies with the federal courts.

11. Paragraph 12. MAJ denies paragraph 12 as jurisdiction over the parties lies with the federal courts. MAJ denies it committed a tort in the State of Texas. MAJ admits there was an auto-pedestrian collision involving one of its drivers on a Texas roadway; otherwise, the allegations are denied.

12. Paragraph 13. MAJ denies Plaintiffs are entitled to monetary relief.

13. Paragraph 14. MAJ admits if any cause of action accrued, which is denied, then one of the proper places for venue would be in Pecos County; otherwise, the allegation regarding venue is denied.

14. Paragraph 15. MAJ admits Adan Alvarez was riding a bicycle on the roadway at Old Cemetery Road and S. Hwy 285 at the time of the accident. MAJ denies he was riding his bicycle "near the intersection" described. MAJ admits Leonel Recinos was operating a tractor-trailer and was traveling North on S. Hwy 285 near the intersection of Old Cemetery Road, that the tractor-trailer he was operating was owned by MAJ, and that Mr. Recinos was in the course and scope of his employment at the time of the accident. MAJ admits Adan Alvarez came into Mr. Recinos' lane and was struck by the tractor which Mr. Recinos was driving, denies Mr. Recinos was distracted, and denies Mr. Recinos was using his cell phone in any illegal manner. MAJ admits Mr. Recinos was carrying a load that was to be delivered to Lucid Group, Inc., admits the tractor-trailer was being operated under the MAJ Transport DOT Permit, denies the tractor-trailer was being operated under any Lucid Group, Inc., permit, admits Mr. Recinos had permission to use its tractor-trailer and to transport the shipment Mr. Recinos was transported under its

---

[2] There is not a Paragraph 10 in Plaintiff's Original Petition.

direction, control and oversight, and denies Mr. Recinos was under the direction, control and oversight of Lucid Group, Inc.

15. Paragraph 16. On information and belief, MAJ admits Adan Alvarez was provided medical care at the scene, admits he was transported to the hospital, and admits he later died; otherwise, the allegations are denied. MAJ denies Adan Alvarez suffered a wrongful death, denies that Plaintiffs suffered any damages or loss due to the negligence of MAJ or Mr. Recinos, and denies that MAJ or Mr. Recinos were negligent in any manner that proximately caused the death of Adan Alvarez or any damages or losses claimed by Plaintiffs.

16. Paragraph 17. MAJ denies the allegations in Paragraph 17.

17. Paragraph 18. MAJ denies the allegations in Paragraph 18.

18. Paragraph 19. MAJ denies the allegations in Paragraph 19.

19. Paragraph 20. MAJ admits there are a number of regulations that apply to operators of commercial vehicles, admits the regulations are designed to promote safe practices and to guard the general public, among others, against known dangers associated with the operation of commercial vehicles, that motor carriers have a duty to ensure its drivers comply with these regulations, and that the regulations, among others, are designed to protect the health, safety, and well-being of the general driving public. MAJ denies such violations of the regulations constitute negligence per se. MAJ admits Adan Alvarez was with the class of persons these regulations are designed to protect. MAJ denies that it or Mr. Recinos violated motor carrier regulations that were the proximate cause of the accident and denies Plaintiffs suffered any damages due to any negligence on the part of MAJ or Mr. Recinos. MAJ denies Lucid Group, Inc., acted in any capacity that subjected it to these regulations at the time of the accident or violated these regulations.

20. Paragraph 21. MAJ denies Lucid Group, Inc., had any employees, including Mr. Recinos, who were involved in the accident and, therefore, denies Lucid Group, Inc., bears any vicarious liability for any employees or other actors concerning this accident, including Mr. Recinos or MAJ. MAJ denies it or Mr. Recinos were under the control and supervision of Lucid Group, Inc., denies it or Mr. Recinos were in the course and scope of employment of Lucid Group, Inc., at the time of the accident, and that Lucid Group, Inc., bears any liability for the actions of Mr. Recinos or MAJ. MAJ denies Lucid Group, Inc., was the motor carrier for the transportation move at issue and denies Lucid Group, Inc., is liable for the actions of MAJ or Mr. Recinos as a motor carrier.

21. Paragraph 22. MAJ denies Lucid Group, Inc., had any agents, employees, servants, vice-principals or managers who controlled or employed Mr. Recinos as a commercial driver, had any role in the transportation of the load at issue, or exercised any control over the transportation of the load at issue, independently or through MAJ. MAJ denies Lucid Group, Inc., created any risk of harm to others or engaged in any act or omission that was in conscious indifference to the rights, safety, or welfare of others concerning Mr. Recinos due to his operation of the tractor-trailer at issue.

22. Paragraph 23. MAJ denies Lucid Group, Inc. was subjectively aware of an extreme degree of risk, and/or acted in a consciously indifferent manner to the rights, safety or welfare of anyone, including Adan Alvarez, knew MAJ and/or Mr. Recinos to be unfit and reckless and/or authorized, ratified, and/or approved of such grossly negligent conduct. MAJ denies there was any grossly negligent conduct on the part of Mr. Recinos or MAJ or that any conduct on the part of Mr. Recinos or MAJ caused the collision.

23. Paragraph 24. MAJ denies Lucid Group, Inc., was negligent in entrusting its shipment to MAJ and Mr. Recinos or that such entrustment of the load proximately caused the accident.

24. Paragraph 25. MAJ admits the allegations in Paragraph 25.

25. Paragraph 26. MAJ admits it had a duty to act a reasonable motor carrier and to exercise reasonable care in hiring, training and supervising employees and operators. Defendant denies it was negligent or grossly negligent in its investigation, supervision, training, retention, and hiring of Mr. Recinos of that any acts or inactions on the part of MAJ proximately caused the accident or any injuries or damages to Plaintiffs.

26. Paragraph 27. MAJ admits it had a duty to follow regulations governing commercial vehicles but denies it violated any such regulations, or that MAJ's conduct concerning any regulation was a proximate cause of the accident or any damages to Plaintiffs. MAJ denies that the violation of any regulations constitute negligence per se.

27. Paragraph 28. MAJ admits it is vicariously liable for the actions and inactions of its employee drivers that occur while such employees are in the course and scope of employment; otherwise, the allegations are denied.

28. Paragraph 29. MAJ denies the allegations in Paragraph 29.

29. Paragraph 30. MAJ denies the allegations in Paragraph 30.

30. Paragraph 31. MAJ denies the allegations in Paragraph 31.

31. Paragraph 32. MAJ denies Mr. Recinos was negligent or caused Plaintiffs injuries or damages. MAJ denies Lucid Group, Inc., entrusted the load to Mr. Recinos, is liable for the acts or omissions of Mr. Recinos as an employer of Mr. Recinos or has any liability to Plaintiffs for the acts or omissions of Mr. Recinos under the doctrine of Respondeat Superior. MAJ denies

that Mr. Recinos engaged in any acts or omissions concerning the accident that constitute direct negligence, including the 10 items identified in the allegations.

32. Paragraph 33. MAJ denies the allegations in Paragraph 33.

33. Paragraph 34. MAJ denies Mr. Recinos violated any regulations or that the violation of any regulations proximately caused the accident or any damage to Plaintiffs.

34. Paragraph 35. MAJ denies the allegations in Paragraph 35.

35. Paragraph 36. MAJ denies there is any wrongful death that occurred and, therefore, that Plaintiff have any valid statutory beneficiary rights for lack of a valid cause of action for wrongful death. Maj denies any acts or omissions on the part of any named defendant caused the death of Adan Alvarez or any damages to Plaintiffs or that Plaintiffs have suffered damages that are recoverable against MAJ, Mr. Recinos, or Lucid Group, Inc.

36. Paragraph 37. MAJ denies Plaintiff Raul Alvarez has any authority to represent the Estate of Adan Alvarez absent an order of appointment as an administrator or other appointment or granting of powers by the proper probate court. On information, Adan Alvarez died intestate. MAJ denies any acts or omissions of any named defendant were negligent, grossly negligent, or proximately caused pain, suffering, mental anguish, or any other damages to Adan Alvarez, including alleged damages resulting from his death.

37. Paragraph 38. MAJ denies Plaintiff Raul Alvarez has any interest in the Estate of Adan Alvarez unless there is a will granting him such an interest. On information, Adan Alvarez died intestate. MAJ denies any defendant's acts or omissions were the proximate or producing cause of Adan Alvarez' death or that his estate suffered any damages due to any acts or omissions on the part of any named defendant.

38. Paragraph 39. MAJ denies any defendant acted in a grossly negligent manner or that any plaintiff is entitled to recover exemplary damages against any defendant.

39. Paragraph 40. MAJ denies Plaintiffs are entitled to recover pre-judgment or post-judgment interest as Defendants are not liable to Plaintiff for any damages that might accrue interest.

40. Paragraph 41. MAJ admits Plaintiffs are entitled to a trial by jury and MAJ hereby joins in the demand for a trial by jury.

41. MAJ asserts the affirmative defense of sole and proximate cause. Decedent Adan Alvarez was the sole and proximate cause of the accident due to his negligent conduct, not limited to but including Decedent: failed to observe traffic and to yield the right of way to traffic with the right of way; failed to control the speed of his bicycle; failed to have installed on his bicycle a white front light visible from 500 feet; failed to have installed on his bicycle a red rear reflector visible from at least 100 feet; failed to have on his bicycle a red rear light visible from 500 feet; failed to wear bright or reflective clothing that allowed drivers to see him; failed to observe the traffic signs and markings and to drive his bicycle according to same; drove his bicycle while under the influence of alcohol and/or drugs. Alternatively, the foregoing conduct contributed to the cause of the accident at issue.

42. MAJ pleads by way of any available defense that any recovery for medical or healthcare expenses incurred is/are limited to the amount actually paid or incurred by or on behalf of the Plaintiffs or the Estate pursuant to Texas Civil Practice & Remedies Code §41.0105.

43. MAJ pleads failure to mitigate damages in the event Decedent had health insurance to cover any health expenses and Plaintiffs failed to seek to have said expenses paid by said health insurance.

44. Subject to and without waiving the foregoing, MAJ specifically plead and reserve the following rights guaranteed by Texas law:

   a. The right to elect the application of credit toward any judgment which may be obtained in this case;

   b. The right to a determination by the trier of fact on the issues of the percentage responsibility of each Plaintiff, Decedent, each Third-Party Plaintiff, each Defendant, each contributing Defendant, each settling person, and each designated responsible third party;

   c. The right to contribution from any other person or entity found to be liable to Plaintiff; and

   d. The right to reduction or limitation of damages, including in accordance with Chapter 41 of the Texas Civil Practice & Remedies Code;

   e. The right to require Plaintiffs to prove any loss of earnings, loss of earning capacity, and/or loss of contributions of pecuniary value in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law, per Texas Civil Practice and Remedies Code §18.091.

45. MAJ now makes written demand for this matter to be tried by a jury.

WHEREFORE, PREMISES CONSIDERED, Defendant MAJ Transport, Inc. prays that, upon a final hearing hereof, Plaintiffs take nothing of and from MAJ and that MAJ receives all costs of Court and such other and further relief, both at law or in equity, to which MAJ may show itself to be justly entitled.

Respectfully submitted,

**THORNTON, BIECHLIN, REYNOLDS & GUERRA, LC**
100 N.E. Loop 410, Suite 500
San Antonio, TX 78216-4741
Office: 210-342-5555
Fax:     210-525-0666


By:   */s/Paul R. Wilson*
**R. SEAN PAGE**
State Bar No. 00784713
spage@thorntonfirm.com
**PAUL R. WILSON**
State Bar No. 21707300
pwilson@thorntonfirm.com
**ATTORNEYS FOR DEFENDANTS MAJ TRANSPORT, INC.**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument has been properly delivered via electronic filing service, pursuant to the Texas Rules of Civil Procedure, on October 29, 2025, to all counsel of record.

***VIA ELECTRONIC SERVICE*:**
**CESAR ORNELAS LAW, PLLC**
c/o   **ANGELA M. TABARES**
        **JACOB S. ABREGO**
14607 San Pedro Ave., Suite 200
San Antonio, Texas 78232
Office: 210-592-4114
Email: atabres@oinjurylaw.com
           jabrego@oinjurylaw.com
**ATTORNEYS FOR PLAINTIFF**


*/s/Paul R. Wilson*
**PAUL R. WILSON**