## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| RAUL ALVAREZ, INDIVIDUALLY, AND | § | |
| AS PROPOSED REPRESENTATIVE OF | § | |
| THE ESTATE OF ADAN ALVAREZ, | § | |
| SAMANTHA FUENTES AS NEXT FRIEND, | § | |
| Z.A., Z.A., AND Z.A., MINORS, AND | § | |
| ZADA ALVAREZ, | § | CIVIL ACTION 4:25-CV-0038-DC-DF |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| LUCID GROUP, INC., MAJ TRANSPORT, | § | |
| INC., AND LEONEL RECINOS | § | |
| *Defendants.* | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Raul Alvarez, Individually and as Personal Representative of The Estate of Adan Alvarez, Samantha Fuentes as Next Friend of Z.A., Z.A., and Z.A., minors, and Zada Alvarez (collectively referred to in these various capacities as "Plaintiff" or "Plaintiffs"), files, serves and submits this Plaintiffs' First Amended Complaint and Jury Demand complaining of Defendants Lucid Group, Inc., MAJ Transport, Inc., Leonel Recinos, and C.H. Robinson Company Inc. and in support thereof, would show unto the Court the following:

## DISCOVERY CONTROL PLAN

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery under Level 3 of TEX. R. CIV. P. 190. Plaintiffs reserve the right to alter this plan as the discovery and facts require.

## PARTIES

2.      Plaintiff Raul Alavarez is the biological father of Adan Alvarez, deceased. Raul Alvarez, is a resident of Pecos County, Texas.

3.      Plaintiff minors Z.A., Z.A., and Z.A., are the biological children of Adan Alvarez, deceased, and Samantha Fuentes. Samantha Fuentes is the next friend of the minor Plaintiffs herein. Plaintiffs are residents of Pecos County, Texas.

4.      Plaintiff Zada Alvarez is the biological daughter of Adan Alvarez. Plaintiff, Zada Alvarez, is a resident of Pecos County, Texas.

5.      Defendant Lucid Group, Inc. ("LUCID"), is a corporation doing business in the State of Texas. It is organized and existing under the laws of the State of Delaware. It does not maintain a regular place of business in the State of Texas, and it has not designated an agent for service of process in Texas. Service of process therefore may be accomplished under the Texas Long Arm Statute, sections 17.041 et. seq. of the Texas Civil Practice and Remedies Code, by serving duplicate copies of process upon the Texas Secretary of State as follows:

> **The Secretary of the State of Texas**
> **P.O. Box 12887**
> **Austin, Texas 78711**

The Secretary of State will then mail a copy of the process by registered or certified mail, return receipt requested, to the President/Chief Executive Officers or officer or agent for service of Defendant Lucid Group, Inc.:

> **Lucid Group, Inc.**
> **Marc Winterhoff**
> **Chief Executive Officer**
> **7373 Gateway Boulevard**
> **Newark, California 94560**

6.      Defendant MAJ Transport, Inc. ("MAJ TRANSPORT"), is a corporation doing business in the State of Texas. It is organized and existing under the laws of the State of

California. It does not maintain a regular place of business in the State of Texas, and it has not designated an agent for service of process in Texas. It appears through counsel herein.

7.      Defendant Leonel Recinos ("Recinos"), is an Individual residing in the State of California and may served with service of process at his residence: 7500 Cravell Ave., Pico Rivera, California 90660 or wherever he may be found. Service of said Defendant may be effected by personal delivery.

8.      Defendant C.H. Robinson Company Inc. ("C.H. ROBINSON"), is a corporation doing business in the State of Texas and may be served with process by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at: 211 E. 7th Street Suite 620, Austin, Texas 78701. Service of said Defendant can be effected by personal delivery.

9.      In the event any of the parties are misnamed or not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

10.     Pursuant to Texas Rule of Civil Procedure 28, Plaintiff brings this action against Defendants in their assumed and/or common name(s). In the event the proper party is misnamed in or omitted from this petition, Plaintiff requests that the true name of such party be substituted pursuant to Rule 28 and the misnomer doctrine. Tex. R. Civ. P. 28; *see also Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex. 1999); *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4-5 (Tex. 1990); *Sheldon v. Emergency Med. Consultants I, P.A.*, 43 S.W. 3d 701, 703 (Tex. App.—Ft. Worth 2001, *no pet.*).

## JURISDICTION AND VENUE

11.     The subject matter in controversy is within the jurisdictional limits of this Court.

12.     The Court has specific jurisdiction over the parties because Defendants committed a tort in whole or in part and/or had an auto collision on a Texas roadway giving rise to this suit.

13.     Pursuant to Texas Rule of Civil Procedure 47(c), at this early stage in the litigation, Plaintiffs affirmatively plead that they seek monetary relief of more than $1,000,000.00.

14.     Venue in Pecos County is proper in this cause under § 15.002(a)(1) of the TEX. CIV. PRAC. & REM. CODE ANN. because all or a substantial part of the events or omission giving rise to the claim occurred in Pecos County.

## **FACTUAL ALLEGATIONS**

15.     On December 2, 2023, Adan Alvarez was riding his bicycle near the intersection of Old Cemetery Road and S. HWY 285 in Pecos County, Texas.  At around the same time, LEONEL RECINOS, operating a tractor-trailer rig under the ownership, control, and supervision of MAJ TRANSPORT and in the course and scope of employment with MAJ TRANSPORT had picked up a load for LUCID and/or C.H. ROBINSON in Laredo, Texas, and was traveling North on S. HWY 285 near the intersection of Old Cemetery Road. Suddenly and without warning, RECINOS then struck Adan Alvarez while he was on the bicycle. On information and belief, RECINOS was engaged in distracted driving by phone use among other distractions. The tractor-trailer rig was being operated under MAJ TRANSPORT,  LUCID and/or C.H. ROBINSON'S DOT permit. RECINOS had permission to use the tractor-trailer rig and transport the shipment under MAJ TRANSPORT, LUCID and/or C.H. ROBINSON'S direction, control, and oversight.

16.     As a result of the serious collision, Adan Alvarez was provided life-saving medical care at the scene and rushed to the hospital. Adan Alvarez was then transferred to

University Medical Center in El Paso, Texas where he later succumbed to his injuries four (4) days later. The crash, Adan Alvarez' wrongful death, and Plaintiffs' damages and losses were proximately caused by the negligence of the Defendant.

**<u>LUCID AND C.H. ROBINSON'S NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, VICARIOUS LIABILITY, AND NEGLIGENT ENTRUSTMENT</u>**

17.      LUCID and/or C.H. ROBINSON hired, retained, and/or supervised MAJ TRANSPORT and the driver as employees, statutory employees, agents, and/or servants. On or about December 2, 2023, the driver was working for LUCID and/or C.H. Robinson and making deliveries on their behalf.

18.      LUCID and/or C.H. ROBINSON had a duty to act as reasonable motor carrierS or person under the same or similar circumstances. They also had a duty to exercise reasonable care in hiring, training and supervising its employees and operators to ensure that such individuals did not cause an unreasonable risk of harm to the general public. LUCID and/or C.H. Robinson were negligent and grossly negligent in their investigation, supervision, training, retention, and hiring of the driver. LUCID and/or C.H. ROBINSON'S actions and/or inactions were a proximate cause of the collision and Plaintiff's injuries and resulting damages.

19.      LUCID and/or C.H. ROBINSON also had a duty to ensure that they were using only safe motor carriers and drivers to transport goods. LUCID and/or C.H. ROBINSON were negligent and grossly negligent in selecting MAJ TRANSPORT and RECINOS.  LUCID and/or C.H. ROBINSON'S actions and/or inactions were a proximate cause of the collision and Plaintiffs' injuries and resulting damages.

20.      There are a number of regulations that apply to operators of commercial vehicles. These regulations are designed to promote safe practices and guard the general public

against known dangers associated with the operation of commercial vehicles. A motor carrier has a duty to make sure its drivers comply with these regulations. These regulations were designed to protect the health, safety, and well-being of the general driving public, and the violation of these regulations constitutes negligence *per se*. LUCID, C.H. ROBINSON, MAJ TRANSPORT, and RECINOS violated such regulations. Adan Alvarez, deceased, was clearly within the class of persons these regulations were designed to protect. These violations, taken individually or collectively, were a proximate cause of the collision and the resulting damages sustained by Plaintiffs.

21.     LUCID and/or C.H. ROBINSON are also vicariously liable for the actions and inactions of its employees and those under its direct control and supervision in the course and scope of their work. MAJ TRANSPORT and the driver were under the control and supervision of LUCID and/or C.H. ROBINSON and in the course and scope of that employment at the time of the collision. Thus, LUCID and/or C.H. ROBINSON are vicariously liable for MAJ TRANSPORT and the driver's actions. Further, as motor carriers for the transportation move at issue, LUCID and/or C.H. ROBINSON are vicariously liable for MAJ TRANSPORT and the driver's actions.

22.     LUCID and/or C.H. ROBINSON, by and through its agents, employees, and servants, vice principals, and managers, knew employing the driver and allowing him to operate the tractor-trailer rig involved in the collision on December 2, 2023, created an extreme degree of risk of harm, considering the probability and magnitude of the potential harm to others, yet proceeded in conscious indifference to the rights, safety, or welfare of others by employing the driver and allowing him to do so.

23.    LUCID and/or C.H. ROBINSON were subjectively aware of the extreme degree of risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others, including Adan Alvarez, deceased. LUCID and/or C.H. ROBINSON, by and through their agents, employees, servants, vice-principals, and managers, knew that MAJ TRANSPORT and the driver were unfit and it was reckless to employ MAJ TRANSPORT and the driver. LUCID and/or C.H. ROBINSON, by and through their agents, employees, servants, vice-principals, and managers, authorized, ratified, and/or approved the driver's grossly negligent conduct that caused the collision.

24.    LUCID and/or C.H. ROBINSON were negligent when they entrusted MAJ TRANSPORT and the driver with its shipment. This act and omission, whether taken singularly or in combination with the actions described above, constitutes an act of negligence, all of which proximately caused the collision and the damages sustained by Plaintiffs.

### MAJ TRANSPORT'S NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, VICARIOUS LIABILITY, AND NEGLIGENT ENTRUSTMENT

25.    MAJ TRANSPORT hired, retained, and/or supervised RECINOS as an employee, statutory employee, agent, and/or servant. On or about December 2, 2023, RECINOS was driving a tractor-trailer rig and in the course and scope of employee with MAJ TRANSPORT.

26.    MAJ TRANSPORT had a duty to act as a reasonable motor carrier or person under the same or similar circumstances. It also had a duty to exercise reasonable care in hiring, training and supervising its employees and operators to ensure that such individuals did not cause an unreasonable risk of harm to the general public. MAJ TRANSPORT was negligent and grossly negligent in their investigation, supervision, training, retention, and

hiring of RECINOS. MAJ TRANSPORT's actions and/or inactions were a proximate cause of the collision and Plaintiff's injuries and resulting damages.

27.    There are a number of regulations that apply to operators of commercial vehicles. These regulations are designed to promote safe practices and guard the general public against known dangers associated with the operation of commercial vehicles. MAJ TRANSPORT, a motor carrier, has a duty to make sure its drivers comply with these regulations. These regulations were designed to protect the health, safety, and well-being of the general driving public, and the violation of these regulations constitutes negligence *per se*. MAJ TRANSPORT and RECINOS violated such regulations. Adan Alvarez, deceased, was clearly within the class of persons these regulations were designed to protect. These violations, taken individually or collectively, were a proximate cause of the collision and the resulting damages sustained by Plaintiffs.

28.    MAJ TRANSPORT is also vicariously liable for the actions and inactions of its employees and those under its direct control and supervision in the course and scope of their work. RECINOS was under the control and supervision of MAJ TRANSPORT and in the course and scope of that employment at the time of the collision. Thus, MAJ TRANSPORT vicariously liable for RECINOS' actions. Further, as a motor carrier for the transportation move at issue, MAJ TRANSPORT is vicariously liable for RECINOS' actions.

29.    MAJ TRANSPORT, by and through its agents, employees, and servants, vice principals, and managers, knew employing the driver and allowing him to operate the tractor-trailer rig involved in the collision on December 2, 2023, created an extreme degree of risk of harm, considering the probability and magnitude of the potential harm to others, yet proceeded

in conscious indifference to the rights, safety, or welfare of others by employing the driver and allowing him to do so.

30.    MAJ TRANSPORT was subjectively aware of the extreme degree of risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others, including Adan Alvarez, deceased. MAJ TRANSPORT, by and through their agents, employees, servants, vice-principals, and managers, knew that RECINOS was unfit and it was reckless to employ RECINOS. MAJ TRANSPORT, by and through their agents, employees, servants, vice-principals, and managers, authorized, ratified, and/or approved the driver's grossly negligent conduct that caused the collision.

31.    MAJ TRANSPORT was negligent when it entrusted RECINOS with its tractor-trailer rig. This act and omission, whether taken singularly or in combination with the actions described above, constitutes an act of negligence, all of which proximately caused the collision and the damages sustained by Plaintiffs.

## RECINOS' NEGLIGENCE, NEGLIGENCE PER SE, AND GROSS NEGLIGENCE

32.    Plaintiff shows unto the Court that Defendant RECINOS was negligent and that such negligence was a proximate and direct cause of the incident made the basis of this suit and Plaintiffs' resulting injuries and damages. Specifically, Defendant RECINOS had a duty to exercise ordinary care while operating the tractor-trailer rig and shipping the load entrusted to him by MAJ TRANSPORT, LUCID and/or C.H. ROBINSON in a reasonable and prudent manner. Defendants MAJ TRANSPORT, LUCID and/or C.H. ROBINSON are liable for the acts and omissions of their employee and person entrusted with the tractor-trailer rig and load, Defendant RECINOS, based on *Respondeat Superior*. Defendant RECINOS' direct negligence includes, but is in no way limited to, the following:

- Failing to maintain a proper lookout;

- Failing to properly apply his brakes;

- Failing to take evasive action or otherwise maneuver the vehicle so as to avoid interaction with Plaintiff;

- Failing to honk the horn or to give any sign or warning of the impending collision;

- Failure to control his speed;

- Failure to remain in his lane;

- Failure to prudently operate a tractor-trailer rig;

- Operating a company vehicle while distracted;

- Failing to act as a reasonable person using ordinary care in the same or similar circumstances; and

- Failing to follow the traffic safety laws of the State of Texas.

33.     Each of these acts and omissions, singularly or in a combination with each other, constitutes negligence or negligence *per se* which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

34.     There are a number of regulations that apply to operators of commercial vehicles. These regulations are designed to promote safe practices and guard the general public against known dangers associated with the operation of commercial vehicles. A motor carrier has a duty to make sure its drivers comply with these regulations. These regulations were designed to protect the health, safety, and well-being of the general driving public, and the violation of these regulations constitutes negligence *per se*. RECINOS violated such regulations. Adan Alvarez, deceased, was clearly within the class of persons these regulations were designed to protect.  These violations, taken individually or collectively, were a proximate cause of the collision and the resulting damages sustained by Plaintiffs.

35.    Defendant RECINOS' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and omissions by RECINOS outlined in the above paragraphs constitute gross negligence as that term is defined in § 41.001(11) of the TEX. CIV. PRAC. & REM. CODE ANN.. Defendant RECINOS' conduct while operating a tractor-trailer rig involved an extreme degree of risk, considering the probability and magnitude of potential harm to Adan Alvarez, deceased, when he struck bicyclist Adan Alvarez. Defendant RECINOS had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, and welfare of Adan Alvarez, and others similarly situated.

## CAUSE OF ACTION: WRONGFUL DEATH

36.    Pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 71.002, Plaintiffs are entitled to bring a claim for wrongful death against the Defendants because Plaintiffs are the statutory beneficiaries of the decedent. The Defendants' actions and omissions as described more thoroughly herein caused the death of Adan Alvarez and Plaintiffs' resulting damages. As a result of the Defendants' acts and omissions, Plaintiffs have suffered significant damages that are recoverable under the laws of the State of Texas.

## CAUSE OF ACTION: SURVIVORSHIP CLAIM

37.    Pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 71.021, Plaintiff Raul Alvarez, as proposed personal representative of the Estate of Adan Alvarez, brings a claim on behalf of the Estate of Adan Alvarez against the Defendants. The negligent and grossly negligent acts and omissions of the Defendants, as described herein, were a proximate cause Adan Alvarez, deceased' tremendous pain and suffering and mental anguish caused by the knowledge of his impending death, his conscious pain and suffering, and the damages resulting from his death.

## DAMAGES

38.     The Defendant's wrongful and negligent and acts, omissions, and carelessness are the proximate and producing cause of Adan Alvarez' death and Plaintiffs' resulting damages. As a result of the Defendants' acts and omissions, Plaintiffs have incurred damages, in the past and future, including but not limited to, pecuniary loss, loss of household services, loss of companionship and society, loss of consortium, mental anguish, loss of inheritance, funeral expenses, and pre-death pain, suffering, and mental anguish.

39.     In addition, Plaintiffs seek exemplary damages caused by the Defendants' gross negligence. Exemplary damages are sought pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a)(3).

40.     Plaintiffs would additionally show that they are entitled to recovery of pre- and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sue for recovery of pre- and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the state of Texas.

## JURY DEMAND

41.     Plaintiffs demand a jury trial and have tendered the requisite fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer and that, upon final trial hereof, Plaintiffs be provided a judgment against the Defendants, that Plaintiffs recover damages in accordance with the evidence, that Plaintiffs recover costs of Court herein expended, that Plaintiffs recover interest, both pre- and post- judgment to which Plaintiffs are entitled under the law, that Plaintiffs recover exemplary damages from the Defendant, that Plaintiffs recover attorneys' fees from the Defendants, along with the declaratory relief requested and personal injury protection, and for

such other and further relief, both general and special, legal and equitable, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**CESAR ORNELAS LAW, PLLC**

By: _____
Angela M. Tabares
Texas State Bar No. 24096177
atabares@oinjurylaw.com
Jacob S. Abrego
Texas State Bar No. 24119608
jabrego@oinjurylaw.com
14607 San Pedro Ave. Ste. 200
San Antonio, Texas 78232
Phone: (210) 592-4114
Fax: (888) 342-8033
***ATTORNEYS FOR PLAINTIFFS***